| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | DAVID R. CALLAWAY (CABN 121782)<br>Chief, Criminal Division |
| 4 | GARY G. FRY (CABN 85582)<br>Assistant United States Attorney |
| 5 | |
| 6 | 150 Almaden Boulevard, Suite 900<br>San Jose, California 95113<br>Telephone: (408) 535-5061<br>FAX: (408) 535-5066<br>Gary.fry@usdoj.gov |

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SON NGUYEN, HAI LAN NGUYEN,<br><br>  Defendants. | CR 13-00295 (RMW)<br><br>**UNOPPOSED MOTION TO CONTINUE MAY 4, 2015, STATUS CONFERENCE**<br><br>Date: Monday, May 4, 2015<br>Time: 9:00 a.m.<br>Court: Hon. Ronald M. Whyte |

COMES NOW THE UNITED STATES OF AMERICA, represented by Assistant United States Attorney Gary G. Fry, and moves this court for an order continuing the status hearing currently set for Monday, May 4, 2015. We request that the status conference be continued approximately one month to Monday, June 8, 2015, at 9:00 a.m. As reasons for the continuance, we proffer the following.

The undersigned prosecutor has received a summons for jury duty from the Superior Court of the County of Santa Cruz. I am to report on Monday morning, May 4, 2015, the same date that the status hearing in the case at bar is currently set for. I must remain available for the entire week, *i.e.* until Friday, May 8, 2015. While it is unlikely that I will be chosen for a criminal trial, I nonetheless am required to show up in person on Monday morning. After that, I will be notified by telephone if I am needed.

1

1  There is a second reason that we request a continuance. Yesterday, April 30, 2015, I met with
2  attorney Joseph Hoffman. He is counsel for the plaintiffs in a civil fraud law suit against Son Nguyen,
3  Hai Lan Nguyen, and others. See *Jennifer Nguyen v. Natalie Tran, et al* 110 CV 167868. The case
4  proceeded to trial in Santa Clara County Superior Court, and resulted in a verdict for the plaintiffs. Mr.
5  Hoffman believes that some of the case material he has may be relevant to the criminal case, and he may
6  have evidence of additional criminal conduct. Mr. Hoffman provided me with a hard copy of a 251 page
7  transcript of a deposition of Hai Lan Nguyen. He also provided me with six CD's containing court
8  records and documentary evidence. I am having copies made for the FBI agents and both defense
9  counsel. We will all need time to review these documents.

10  I have had telephonic contact with counsel for both defendants. They agreed that a continuance is
11  necessary and agree that the status conference should be continued Monday, June 8, 2015. We agreed
12  that time should be excluded based on continuity of government counsel, and adequate preparation for
13  both defense counsel.

DATED: May 1, 2015                    Respectfully submitted,

                                      MELINDA HAAG
                                      United States Attorney


                                      GARY G. FRY
                                      Assistant United States Attorney

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SON NGUYEN, HAI LAN NGUYEN,<br><br>    Defendant. | CR 13-00295 (RMW)<br><br>**ORDER OF THE COURT CONTIUING STATUS HEARING AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

Upon motion by the United States, and not opposed by either defendant, and for good cause shown, the court ORDERS that the status hearing, currently scheduled for Monday, May 4, 2015, be CONTINUED to Monday June 8, 2015 at 9:00 a.m..

Additionally the court FINDS that a delay of 35 days (i.e., from May 4,2015, to June 8, 2015) is necessary to provide the United States with continuity of counsel, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

The court further FINDS, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), that a delay of 35 days is necessary to allow counsel for both defendants reasonable time for effective preparation (taking into account the exercise of due diligence). The court FINDS that the ends of justice served by this delay

1  outweigh the best interests of the public and the defendants (who have not objected) in a speedy trial.
2  See 18 U.S.C. § 3161(h)(7)(A).
3       IT IS SO ORDERED.
4
5  Date: í ŧŧí

*Ronald M. Whyte*
HONORABLE RONALD M. WHYTE
United States District Court Judge