UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. HAI LAN NGUYEN, Defendants. | Case No. 13-cr-00295-RMW-1 (HRL)<br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE**<br>**ORDER GRANTING MOTION TO QUASH**<br>Re: Dkt. No. 92 |
|---|---|

The United States of America prosecutes Hai Lan Nguyen ("Nguyen") for one count of knowingly making a false statement to an FDIC-insured bank for the purpose of influencing the bank's actions. *See* 18 U.S.C. § 1014. Nguyen allegedly supported a loan application by "falsely" telling Bridge Bank that several customers had signed "Rights to First Offer" in which they "promis[ed] to purchase units" in Little Saigon Plaza, a proposed "real estate development project[.]" Dkt. No. 20 at 5. Trial is set for June 17, 2016.

Nguyen subpoenaed Western Alliance Bank ("WAB"), the successor in interest to Bridge Bank, pursuant to Federal Rule of Criminal Procedure ("FRCP") 17(c). WAB asserts the subpoena requests a broad set of information Nguyen is not entitled to discover, but that they were able to agree on how to "narrow[] the scope of several of the categories of documents sought" by Nguyen. Dkt. No. 92 at 4. They were unable to agree, however, on whether WAB should produce the "internal bank policies and procedures governing the issuance and underwriting of the 2008 construction [l]oan at issue" in Nguyen's case. Dkt. No. 92 at 4. WAB therefore moves the court to quash the subpoena to the extent that it requests internal bank policies and procedures that governed the issuance and underwriting of the Little Saigon Plaza loan. WAB also requests judicial notice of documents from a case Bridge Bank filed against Nguyen and several other defendants in the Superior Court of California of Santa Clara County during 2008.

The court read WAB and Nguyen's briefs and conducted additional research on the operative law. The court also heard arguments on May 12, 2016. For the reasons discussed below, the request for judicial notice is denied and the motion to quash is granted.

**Judicial Notice**

Federal Rule of Evidence 201(b) permits a court to judicially notice adjudicative facts that can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned. It is ordinarily proper to take judicial notice of a public record that is not subject to reasonable dispute; for example, a court may take judicial notice of a deed of trust publicly available as a county record. *See, e.g., Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1121 (N.D. Cal. 2009). It is also ordinarily proper to take judicial notice of the fact that some particular document was filed on the public docket of a court. *E.g.*, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of the fact that the plaintiffs in another case had filed "a motion for relief from [an] earlier dismissal"). It is "ordinarily" improper, however, to take judicial notice of a "fact" simply because it was asserted on the record of "another case[.]" *U.S. v. Bailey*, 111 Fed. App'x. 894, 895 (9th Cir. 2004); *see also Korematsu v. U.S.*, 584 F. Supp. 1406, 1415 (N.D. Cal. 1984) (taking judicial notice of the fact that a government entity publicly stated certain conclusions but denying the request for judicial notice of the factual findings stated to justify those conclusions).

WAB requests judicial notice of two documents from *Bridge Bank, N.A. v. Little Saigon Plaza, LLC, et al.*, Case Number 1-08-CV-127598: (1) a declaration filed by Michael W. Bondy ("Bondy") in support of an ex parte application for the issuance of several orders; and (2) an order that authorized a receiver to issue a receiver's certificate in the amount of $4,500,000 with a priority lien on the receivership estate real property. WAB argues the request for judicial notice should be granted because "these documents contain facts that are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The court disagrees. It would be "improper" to judicially notice the facts contained in Bondy's declaration; the mere filing of his factual assertions in "another case" does not make them

indisputably true. *See Bailey*, 111 Fed. App'x. at 895. Likewise, although it can be proper to judicially notice that the Superior Court of California of Santa Clara County issued an order and that the order reached certain "conclusions," *see Korematsu*, 584 F. Supp. at 1415, it does not necessarily follow that the "[f]actual findings" stated in a court order are beyond reasonable dispute in future litigation, *Bailey,* 111 Fed. App'x at 895. The court also notes that the facts asserted in the declaration and in the Superior Court order are not pertinent to whether the court should grant the motion to quash. The court therefore concludes it is neither "proper [n]or necessary to take judicial notice" of the documents submitted by WAB. *See Bailey*, 111 Fed. App'x at 895 (concluding "the district court did not abuse its discretion in declining to take judicial notice of" a Ninth Circuit opinion which contained immaterial "factual findings").

**Legal Standard**

A party who subpoenas "books, papers, documents, data, or other objects" pursuant to FRCP 17(c) has the burden to show the subpoena requests "specific[]" materials which are both "relevan[t]" and "admissib[le.]" *U.S. v. Nixon*, 418 U.S. 683, 700 (1974). It is ordinarily sufficient to request a specific set of admissible materials which are "relevant to the offenses charged in the indictment." *See Nixon*, 418 U.S. at 700. Conversely, a party fails to show sufficient relevance if she fails to show a requested material would be admissible for some evidentiary "purpose[]" other than the "impeachment" of witnesses who have not yet testified. *Fields v. Wells Fargo Bank, National Association*, 663 F.2d 880, 881 (9th Cir. 1981) (citing *Nixon*, 418 U.S. at 699-700). If a subpoena requests specific, relevant, admissible materials, then a court may still "quash or modify the subpoena if compliance would be unreasonable or oppressive." *See* Fed. R. Crim. P. 17(c)(2).

**Discussion**

WAB argues: (1) the request for internal policies and procedures is insufficiently specific, Dkt. No. 92 at 6-7; (2) Nguyen has failed "to articulate" why the requested documents would be relevant to her case, Dkt. No. 92 at 8-9; (3) it would be "unreasonable and oppressive" to require the production of WAB's proprietary policies and procedures, because the burden of production would greatly outweigh the relevance of the requested information and because WAB would lose

3

a "competitive" advantage if the requested materials were publicly disclosed at trial, *see* Dkt. No. 92 at 9; and (4) Nguyen's opposition brief was not timely and so the motion to quash should be granted, Dkt. No. 99 at 3.

Nguyen responds: (1) specificity is a low bar because "the proponent of a subpoena cannot be expected to identify the materials he seeks in exacting detail[] when . . . he does not have access to them," Dkt. No. 97 at 4 (quoting *U.S. v. Reyes*, 239 F.R.D. 591, 599 (N.D. Cal. 2006) (citing *Nixon*, 418 U.S. at 700)); (2) the policies that governed the decision to issue the Little Saigon Plaza loan have "readily apparent" relevance to Nguyen's defense because "they undoubtedly informed the decision making process of the [b]ank from day one," Dkt. No. 97 at 5; (3) it is certain that several bank employees will testify at trial, so Nguyen cannot "properly prepare a defense" without access to materials that might impeach those witnesses, Dkt. No. 97 at 6 (citing *U.S. v. King*, 194 F.R.D. 569, 574 (E.D. Va. 2000) (interpreting *Nixon*, 418 U.S. at 700) (internal quotations and citations omitted)); and (4) WAB's "generalized interests in confidentiality" fail to overcome "the constitutional need for relevant evidence in criminal trials," Dkt. No. 97 at 6-7 (citing *Nixon*, 418 U.S. at 711-12). Nguyen's counsel conceded at the hearing on this motion, however, that Bridge Bank's policies and procedures are "irrelevant" to the charge against Nguyen.

The court agrees. The crime of lying to a federally insured bank occurs when a person "knowingly makes any false statement or report . . . for the purpose of influencing in any way the action[s] of . . . any institution the accounts of which are insured by the [FDIC]." 18 U.S.C. § 1014. The "materiality of" the alleged "falsehood . . . is not" an element of "the crime of knowingly making a false statement to a federally insured bank[.]" *U.S. v. Wells*, 519 U.S. 482, 484 (1997). The government therefore does not need to prove a defendant's alleged lie "actually influenced" a bank or even that the alleged lie was a "material[]" misrepresentation which was "capable of influencing" a bank. *Wells*, 519 U.S. at 489, 495 (defining "materiality of falsehood" and discussing the statutory language of § 1014) (internal citations and quotation marks omitted).

The undersigned is not persuaded by the argument that the court should nevertheless order the production of the requested policies and procedures for impeachment purposes. Nguyen relies

4

upon *U.S. v. King* to argue that requested impeachment materials become ripe and discoverable when it is highly certain that a witness who might be impeached by those materials will testify at trial. 194 F.R.D. at 574. The Ninth Circuit held in *U.S. v. Fields*, however, that a district court abuses its discretion under FRCP 17(c) when it denies a motion to quash irrelevant evidence that, at most, might later become admissible for the purpose of impeaching "witnesses" who have not yet "testified[.]" 663 F.2d at 881. This court has therefore already rejected, as inconsistent with the law of this circuit, a previous invitation to adopt the reasoning of *King*. *U.S. v. Pac. Gas & Elec. Co.*, 14-cr-00175-TEH-1-MEJ, 2016 WL 1212091, at *6 n.4 (N.D. Cal. Mar. 28, 2016) (noting that *King*, 194 F.R.D. at 585 n.5, criticizes and is inconsistent with the holding of *Fields*, 663 F.2d at 881). The court likewise rejects that invitation here.

The undersigned asked Nguyen's counsel at the hearing on this motion whether he could think of any examples, other than impeachment, for how the requested materials might be useful to Nguyen at trial; counsel admitted that he could not. The court is therefore satisfied WAB's motion to quash should be granted for Nguyen's failure to demonstrate a relevant non-impeachment evidentiary purpose for the discovery materials at issue. The court shall not rule on the other arguments because the relevance analysis is dispositive.

**Conclusion**

The court denies WAB's request for judicial notice because it seeks judicial notice of facts which are not beyond reasonable dispute and because those facts are immaterial to the resolution of the motion to quash. Nguyen failed to show the relevance of the internal policies and procedures that governed Bridge Bank's loan-issuance and underwriting decisions in 2008; the motion to quash is therefore granted. WAB need not produce the internal policies and procedures requested by Nguyen.

**IT IS SO ORDERED.**

Dated: 5/13/16

HOWARD R. LLOYD
United States Magistrate Judge

5